**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DR. LARISA LIKVER a/a/o ANGELINA
CHWAB et al., DR. REGINA BELKIN a/a/o
YANA BAR et al., DR. LARISA LIKVER,
individually, and DR. REGINA BELKIN,
individually,

                  Plaintiffs,

          -against-

UNITED HEALTH GROUP INCORPORATED,
UNITED HEALTHCARE OF NEW YORK,
INC., and UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK,

                 Defendants.
-----------------------------------------------------------X

**OPINION AND ORDER**

05-CV-5014 (DLI) (RER)

**RAMON E. REYES, JR., U.S.M.J.**:

       In September 2005, Plaintiffs Dr. Larisa Likver, Dr. Regina Beklin and others (collectively "Plaintiffs") filed a Summons and Complaint with the Supreme Court of New York, Kings County, which alleges that defendants United Health Group Incorporated, United Healthcare of New York, Inc. and United Healthcare Insurance Company of New York (collectively "Defendants") had improperly withheld payment for medical services and demands payment, on behalf of numerous patients, for services rendered. Defendants removed this action, pursuant to 28 U.S.C. § 1441 (a) and (b), from state court to this Court on grounds that Plaintiffs were seeking relief under employee welfare benefits plans which are governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, *et seq.* ("ERISA"). (Docket Entry 1, Attach. 2.) Plaintiffs filed an amended complaint in this court on January 24, 2006, repeating the allegations from the state court complaint. (Docket Entry 7.) In response,

Defendants brought counterclaims against Plaintiffs for fraud, unjust enrichment, deceptive acts and practices in violation of N.Y. GENERAL BUSINESS LAW § 349. (Docket Entry 9 ¶¶ 1-50.) A discovery schedule, which was agreed to by both parties on May 18, 2007, required that all written discovery requests be served by July 31, 2007, and that all discovery be completed by January 31, 2008. (*See* Docket Entry 28.)

On August 7, 2007, Defendants moved pursuant to FED. R. CIV. P. 37(b)(2) for an order striking Plaintiffs' complaint and granting a default judgement on their counterclaims. (Docket Entry 31.) The Honorable Dora L. Irizarry referred the motion to me. (Docket Entry dated August 8, 2007.) After the Court granted Plaintiffs two extensions of time to file their response (*see* Docket Entries dated October 23, 2007 and December 3, 2007), Plaintiffs responded to Defendants' motion to dismiss on December 28, 2007. (Docket Entry 41.) Plaintiffs' response included a cross-motion for a protective order against Defendants' discovery requests and a memorandum of law in support of their motion and in opposition of Defendants' Rule 37 motion. (*Id*.) Defendants filed their memorandum of law in support of their Rule 37(b)(2) motion and in opposition to Plaintiffs' motion for protective order on January 18, 2008. (Docket Entry 42.)

Defendants' motion is denied, without prejudice, for the foregoing reasons. Rule 37(b)(2)(A) governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part, that:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking out pleadings or parts thereof; . . . (v) dismissing the action or proceeding in whole or in part; [and] (vi) rendering a default judgment against the disobedient party . . . .

FED. R. CIV. P. 37(b)(2)(A). The district court has wide discretion in imposing severe sanctions

2

under this rule. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The purpose of a Rule 37(b)(2)(A) sanction is to provide that a party does not undeservedly benefit from its own failure to comply with discovery requests, and as a specific deterrent to the non-moving party and a general deterrent to all attorneys to prevent noncompliance with discovery orders. *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

Federal courts give strong preference to deciding cases on the merits. *See, e.g.*, *Walden v. Lorcom Technologies, Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151, at *2 (E.D.N.Y. Feb. 23, 2007) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Dismissal and default judgment are harsh remedies which courts may apply in extreme situations. *See Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995); *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). Furthermore, the dismissal of a plaintiff's complaint is the harshest sanction available and can only be used where there has been some "wilfulness, bad faith, or fault" by the plaintiff. *DeLeon v. Chandler Evans Control Sys. Div., et al.*, 14 Fed.Appx. 95, 2001 WL 792574, at *1 (2d Cir. July 11, 2001) (summary order) (quoting *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)).

This case has been ongoing since 2005. (*See* Docket Entry 1.) Plaintiffs have not responded to four demands for discovery and inspection as well as one set of interrogatories, which were served during the span of June 16, 2006 until June 29, 2007. More recently, Plaintiffs' counsel has filed motions for extensions of time to respond to the forgoing motion. (*See* Docket Entries 36 and 38.) It is clear that Plaintiffs have dragged their heels in pursuing this case. However, pursuant to my discretion, Plaintiffs are given one last chance to comply with the orders of this Court. Plaintiffs have until February 15, 2008 to respond in full to all of

Defendants' discovery requests. Thereafter, all depositions must be completed by April 4, 2008. **There shall be no extensions, whatsoever.** All objections to written discovery, with the exception of objections based upon privilege, are waived.[1] *See Williams v. National Housing Exchange Inc.*, 165 F.R.D. 405, 409 (S.D.N.Y. 1996) (holding that defendants, by failing to respond to outstanding discovery requests, have waived all objections to such discovery).

If Plaintiffs do not submit discovery and fail to conduct depositions in the time frame ordered, Defendants may renew their Rule 37(b)(2) motion by filing a letter with proof of noncompliance. At that time I will, barring absolutely extraordinary circumstances, recommend to Judge Irizarry that Defendants' motion to dismiss be granted.

For the foregoing reasons, Defendants' motion is denied without prejudice. The parties are reminded that a telephone conference is scheduled for February 1, 2008 at 2:45 PM. Call to be initiated by defendants' counsel.

**SO ORDERED.**

**Dated:**     **January 30, 2008**
              **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[1] While Plaintiffs have submitted a cross-motion for a protective order against Defendants' discovery requests, complaining that Defendants' discovery requests are designed to oppress and unduly burden the Plaintiffs into discontinuing their claims, all discovery objections should have been made within thirty days after discovery was served. *See* FED. R. CIV. P. 26(a)(1)(D). This date has long since passed. Plaintiffs' cross-motion is therefore denied.